IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANGELA D. DOWLING, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. SA-24-CV-251-FB |
| § | |
| STATE OF NEW JERSEY, § | |
| § | |
| Defendant. § | |

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

The Court has considered the Report and Recommendation of United States Magistrate Judge filed in the above-captioned cause on December 12, 2024 (docket #8), concerning Plaintiff Angelica Dowling's Application to Proceed in District Court Without Prepaying Fees or Costs and proposed civil complaint. According to the CM/ECF system, the Report and Recommendation sent by certified mail, return receipt requested, was received by the Plaintiff on December 27, 2024 (docket #10). To date, the docket reflects no objections to the Report and Recommendation have been received.[1]

In the Report, United States Magistrate Judge Richard B. Farrer recommends that this case should be dismissed for failure to prosecute or comply with court orders pursuant to FED. R. CIV. P. 41(b), and for failure to state a non-frivolous claim pursuant to 28 U.S.C. § 1915(e). Magistrate

---

[1] Any party who desires to object to a Magistrate's findings and recommendations must serve and file his, her or its written objections within fourteen days after being served with a copy of the findings and recommendation. 28 U.S.C. § 635(b)(1). If service upon a party is made by mailing a copy to the party's last known address, "service is complete upon mailing ." FED. R. CIV. P. 5(b)(2)(C). If service is made by electronic means, "service is complete upon transmission." *Id*. at (E). When the mode of service is by electronic means, three days are no longer added to the time period to act after being served. *See Heverling v. McNeil Consumer Pharmaceuticals, Co.*, Civil Action No. 1:17-CV-1433, 2018 WL 1293304 at *2 n.3 (M.D. Pa. Mar. 13, 2018) ("On April 28, 2016, the Supreme Court adopted changes to the Federal Rules of Civil Procedure. In pertinent part, the Court amended Rule 6(d) to remove 'electronic means' as a mode of service triggering an additional three days to act when a responsive period commences upon service. *See* FED. R. CIV. P. 6, advisory committee's note to 2016 amendment. The amendments took effect on December 1, 2016.").

Judge Farrer explains that after granting Plaintiff's application to proceed without prepaying court fees or costs and the filing of Plaintiff's Complaint with the Court, Plaintiff was ordered, on July 26, 2024, to file a more definite statement or otherwise show cause why her Complaint should not be dismissed for the failure to state a non-frivolous claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e) within 30 days of the date of that order. Despite being ordered to do so, Plaintiff has failed to provide a more definite statement or any further information or pleadings since her original IFP application on March 11, 2024. Because of her failure to respond, Magistrate Judge Farrer concluded that there are no lesser sanctions that:

> could appropriately be employed under the circumstances of this case. After reviewing the Complaint, the Court detailed its concerns and directly warned [Plaintiff] Dowling that her case could be dismissed should she not explain why it is properly in this Court. *See* Dkt. No. 4. In the absence of a response, the Court is unable to ascertain from the single-page handwritten complaint that [Plaintiff] Dowling has stated any non-frivolous claim on which relief may be granted; rather, her claims appear speculative and lacking sufficient factual detail to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); Dkt. No. 4. Finally, because [Plaintiff] Dowling is proceeding pro se, any delay here is attributable to her, not an attorney. Accordingly, dismissal even under the more exacting standard involving a narrower scope of discretion is appropriate. *See Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (discussing factors the Court must consider when the applicable statute of limitations would likely bar future litigation).

Report & Recommendation, docket #8 at pages 2-3.

Because no party has objected to the Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). The Court has reviewed the Report and finds its reasoning to be neither clearly erroneous nor contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), cert. denied, 492 U.S. 918 (1989). The Recommendation shall therefore be accepted pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case should be dismissed pursuant

to 28 U.S.C. § 1915(e) for failure to state a non-frivolous claim for relief. In the alternative, the case should be dismissed under Rule 41(b) for failure to prosecute or comply with court orders.

Accordingly, it is hereby ORDERED that the Report and Recommendation of United States Magistrate Judge filed in this cause on December 12, 2024 (docket #8), is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Plaintiff's case is DISMISSED pursuant to 28 U.S.C. § 1915(e) for failure to state a non-frivolous claim for relief. IT IS FURTHER ORDERED that in the alternative, this case is DISMISSED under Rule 41(b) for failure to prosecute or comply with court orders. Motions pending, if any, are also DISMISSED, and this case is now CLOSED.

It is so ORDERED.

SIGNED this 29th of January, 2025.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE